**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GABRIEL FLORES,

      Applicant,

v.                                                           No. CIV 12-0108 LH/WPL

JOSEPH GARCIA,

      Respondent.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under rules 1(b), 4 of the Rules Governing Section 2254 Cases, on Petitioner's Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person in State Custody. Also before the Court is a response-letter (Doc. 3) from Petitioner, which the Court construes as a motion for leave to proceed in forma pauperis ("IFP"). For the reasons below, the Court will dismiss certain of Petitioner's claims without prejudice.

The petition alleges that, as a result of disciplinary proceedings against Petitioner, officials illegally placed him in segregation, transferred him to another facility, forfeited good time credits against his term of imprisonment, and denied him access to legal materials. The petition seeks restoration of forfeited good time credits and unspecified relief on Petitioner's other claims.

Petitioner's claim for restoration of forfeited credits against his sentence constitutes a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir.1997); *Buhl v. Hood*, 81 F. App'x 273, 274 (10th Cir. Aug. 21, 2003) (noting that action challenging disciplinary conviction was "correctly filed . . . as a § 2241 habeas corpus petition."). Petitioner must bring his other claims in a civil rights action. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) (noting "well-settled law" that conditions-of-confinement claims must be brought under § 1983 rather than in a habeas petition);

*Holly v. Gotcher*, 427 F. App'x 634, 636 (10th Cir. 2011); *and see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (requiring liberal construction of pro se pleadings); *Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992) (stating that characterization of claims in a pro se complaint is not dispositive). The Court therefore liberally construes Petitioner's claim for restoration of good time credits as a claim under § 2241. Petitioner's other claims will be dismissed without prejudice, and an answer to his habeas corpus petition will be ordered.

IT IS THEREFORE ORDERED that Petitioner's response-letter (Doc. 3), construed herein as a motion for leave to proceed in forma pauperis, is hereby GRANTED, and Petitioner may proceed without prepayment of costs or other fees or the necessity of giving security therefor;

IT IS FURTHER ORDERED that Petitioner's claims of illegal segregation, transfer, and denial of access are DISMISSED without prejudice to his right to pursue those claims in a civil action, and the petition is construed under 28 U.S.C. § 2241;

IT IS FURTHER ORDERED that the Clerk is directed to substitute Steve Nance, Warden S.N.M.C.F., as the named Respondent, and copies of the petition and this Order shall be served on the Respondent;

IT IS FURTHER ORDERED that Respondent shall answer Petitioner's § 2241 petition within thirty (30) days from the date of entry of this Order. Respondent's answer shall advise, but is not limited to, whether the Petitioner has exhausted his state court remedies as to the issues raised in the federal petition. In each case, Respondent shall attach to its answer copies of any pleading pertinent to the issue of exhaustion which was filed by Petitioner in the state district court, court of appeals, and supreme court, together with copies of all memoranda filed by <u>both</u> parties in support of or in response to those pleadings. Respondent shall also attach to the answer copies of all state

court findings and conclusions, docketing statements and opinions issued in Petitioner's state court post-conviction or appellate proceedings.  In the event Respondent denies exhaustion, Respondent shall identify the State procedures currently available to Petitioner given the nature of Petitioner's claims and their procedural history.

_____
SENIOR UNITED STATES DISTRICT JUDGE