**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GABRIEL FLORES,

    Applicant,

v.                                                                          No. CV 12-0108 LH/WPL

STEVE NANCE,

    Respondent.

**ORDER SETTING BRIEFING SCHEDULE**

    The Defendants filed an answer (Doc. 6) to Gabriel D. Flores' habeas corpus petition (Doc. 1), which the Court construed as petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 4). In their answer, Defendants assert that Flores has procedurally defaulted his claims by failing to seek timely state supreme court review of the denial of his habeas corpus petition by the state district court. (Doc. 6 at 6-9.)

    When procedural default is asserted as a defense, the movant must be provided with notice and a reasonable opportunity to respond. *United States v. Wiseman*, 297 F.3d 975, 980 (10th Cir. 2002). In this case, the answer provides notice of the defense, and Flores shall have fourteen days to respond. In his response, Flores may address whether the federal claims are procedurally defaulted. Flores is advised that, if he did procedurally default his federal claims, "federal habeas review is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Watson v. State of N.M.*, 45 F.3d 385, 388 (10th Cir. 1995) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Accordingly, Flores' response

may also address whether cause and actual prejudice exist, or whether a fundamental miscarriage of justice would occur if the federal claims are deemed defaulted.

IT IS THEREFORE ORDERED that Flores' response is due by **April 27, 2012**.

_____
William P. Lynch
United States Magistrate Judge