**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GABRIEL D. FLORES,

       Applicant,

v.                                          CV 12-0108 LH/WPL

STEVE NANCE,

       Respondent.

**ORDER TO SUBMIT SUPPLEMENTAL BRIEFING**

Gabriel D. Flores filed a petition for a writ of habeas corpus seeking a remedy for what he sees as the New Mexico Department of Corrections' ("NMCD") policy of keeping inmates incarcerated for the maximum possible time in order to increase their revenue. (Doc. 1; Doc. 8; Doc. 9.) He specifically references one disciplinary charge that he received in July 2011 for failing to comply with an order and threatening a correctional officer. (Doc. 1 at 1-2; Doc. 9 at 1.) In a supplemental affidavit, he also alleges that his good time credits were fraudulently altered during an audit by the NMCD and that his plan of parole to North Carolina was unjustifiably denied. (Doc. 8 at 1-2.) The Respondent has answered all claims. (Doc. 11; Doc. 16.) After a review of the record and pleadings, I find that Flores' Petition, as amended, includes both exhausted and unexhausted claims and that supplemental briefing is required.

In his first answer, the Respondent asserted that Flores had not exhausted his initial claim, which was based on the July 2011 disciplinary charge and subsequent proceedings. (Doc. 6.) Though Flores unquestionably filed an appeal of the charge and administrative conviction within the NMCD

and requested a writ of habeas corpus from the state district court, the Respondent claimed that

Flores had not filed a petition for a writ of certiorari after the state district court denied his petition.

(*Id.* at 6-7; Doc. 6 Ex. B; Doc. 6 Ex. I.) Flores responded and attached the New Mexico Supreme

Court's order denying his petition for a writ of certiorari, and the Respondent conceded that this

issue was exhausted. (Doc. 9 at 3; Doc. 11 at 4.) Following his initial petition, Flores submitted an

affidavit adding two additional claims: fraudulent alteration of good time credits and unjustified

denial of a parole plan. (Doc. 8.) When answering this affidavit, the Respondent did not address the

issue of exhaustion. (*See* Doc. 16.) However, based on Flores' affidavit and the attachments to the

Respondent's response, it appears that Flores did not utilize the remedies available for these claims

through the NMCD or the state.

A § 2241 petitioner, just like a § 2254 petitioner, is required to exhaust all available state

remedies. *Magar v. Parker*, 490 F.3d 816, 818-19 (10th Cir. 2007); *Montez v. McKinna*, 208 F.3d

862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). To satisfy this

requirement, the applicant must present the factual and legal bases of a claim at both the

administrative and state court levels. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999); *Hamm

v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (citations omitted). Furthermore, *Rose v. Lundy*, 455

U.S. 509 (1982), requires total exhaustion, meaning that each claim raised in a habeas petition must

be exhausted. The total exhaustion requirement has been amended, however, to allow a court to

reach the merits of a mixed petition when it is clear that each claim must be denied. 28 U.S.C. §

2254(b)(2); *see also Williams v. Jones*, 571 F.3d 1086, 1089 (10th Cir. 2009).

Upon my review of the record, it appears that Flores has submitted a mixed petition by

including both exhausted and unexhausted claims. While the claims raised in his initial petition were

exhausted, it appears that the claims added through his affidavit (Doc. 8) were not. Though a respondent may waive the exhaustion requirement, such a waiver must be express. 28 U.S.C. § 2254(b)(3); *see also Montez*, 208 F.3d at 865 (recognizing that the exhaustion requirements contained in § 2254 apply equally to petitions brought under § 2241). Because the Respondent did not address exhaustion in his response to the affidavit, there was no express waiver. Even if the Respondent's omission could constitute a waiver, though, I find that the interests of comity and federalism require Flores to utilize the available administrative and state court remedies because one of his claims implicates unresolved questions of fact. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).

Flores' claims related to the July 2011 disciplinary proceedings and the denial of his parole plan could be readily dismissed on the merits, but his claim related to the NMCD's audit of his good time presents factual issues preventing resolution. Specifically, the NMCD altered Flores' in-house parole start date from September 2, 2011 to October 25, 2011. (Doc. 16 at 4; Doc. 16 Ex. C.) The Respondent acknowledges that the audit resulted in an increase of fifty-three days and claims that this was primarily because of the sanction of ninety days loss of good time that resulted from the July 2011 administrative charge. (Doc. 16 at 4.) The audit report clearly indicates that, after reviewing the records, 154 days were rescinded and five days were awarded, yet it concludes that the release date only increased by fifty-three days. (Doc. 16 Ex. B.) This simply does not add up. In comparing the more recent good time figuring sheet provided by the Respondent to the older one provided by Flores, the more recent sheet shows that thirty-three days were rescinded on August 6, 2009; this does not appear on the earlier sheet. (Doc. 16 Ex. D at 2; Doc. 8 at 8.) Neither the sheet nor the audit report explain why an additional four days were rescinded, three days from May 2007

3

and one day from July 2007. (*See* Doc. 16 Ex. C; Doc. 16 Ex. D at 2.) Though these discrepancies do not account for the full fifty-three day difference, this brief overview does demonstrate the factual issues presented by this claim.

Because I am invoking exhaustion *sua sponte*, Flores is entitled to an opportunity to respond. It is therefore ordered that the parties may submit supplemental briefing addressing the issue of exhaustion. These briefs may address whether the claims are exhausted, whether an exception to exhaustion applies, and what action the court should take regarding this mixed petition. If Flores chooses to respond, his brief is due no later than **June 21, 2012**. If the Respondent wishes to file a response to the supplemental brief, the response is due by **July 5, 2012**. Flores may reply to the Respondent's response, and that reply is due no later than **July 19, 2012**. **Flores is advised that failure to respond to this order will result in the dismissal of his petition without prejudice.**

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.