IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL D. FLORES,

    Applicant,

v.                                                                             CV 12-0108 LH/WPL

STEVE NANCE, *Warden*,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Gabriel D. Flores has filed a petition for a writ of habeas corpus in which he seeks a remedy for what he sees as the New Mexico Department of Corrections' ("NMCD") policy of utilizing segregation to prevent prisoners from earning good time credits, thereby increasing their revenue. (Doc. 1; Doc. 8; Doc. 9.) He specifically references one disciplinary charge for failing to comply with an order and threatening a correctional officer. (Doc. 1 at 1-2; Doc. 9 at 1.) The Court construed the petition as a challenge to the execution of a sentence pursuant to 28 U.S.C. § 2241, and Respondent filed an answer. (Doc. 4; Doc. 6.) Flores then added two additional claims to his petition related to his release date and parole plan (Doc. 8), and Respondent submitted a supplemental answer and a supplemental brief (Doc. 11; Doc. 16). This matter has been referred to me to make findings of fact and to recommend an ultimate disposition. (Doc. 12.) Having reviewed the pleadings, the relevant law, and otherwise being fully advised, I recommend that the petition be denied.

**FACTUAL & PROCEDURAL BACKGROUND**

On July 6, 2011, Flores was incarcerated at Central New Mexico Correctional Facility ("CNMCF"). (Doc. 6 Ex. D.) It is not disputed that Captain JoBob Snider attempted to move

Flores to another cell, that Snider wrote Flores up for misconduct related to the attempted move, and that Flores was placed in segregation. (*Id.*) Flores was charged with making threats, refusing to move or to be restrained, disobeying a lawful order, and failing to follow published rules or regulations. (*Id.*) An investigation was conducted on July 11, 2011, during which Snider confirmed his version of the events and Flores asserted that Snider had lied. (Doc. 6 Ex. E.) On July 13, 2011, the disciplinary officer recommended that the charges for refusing to move or be restrained and failing to follow published rules or regulations be dismissed. (Doc. 6 Ex. G.) That same day, Flores signed a form before two witnesses waiving his right to appear for the hearing, set for July 14. (*Id.*) Flores did not appear at the hearing, and the hearing officer found him guilty of making threats and disobeying a lawful order based on the misconduct report and the disciplinary officer's investigation and findings. (Doc. 6 Exs. F & H.) For punishment, the hearing officer deducted ninety days of Flores' good time, imposed thirty days of segregation with credit for time served, and revoked fifteen days of canteen access. (Doc. 6 Exs. H & I.)

Also undisputed is that, on August 8, 2011, Flores' grievance asserting his version of the facts underlying the misconduct report was received. (Doc. 6 Ex. B at 11.) The grievance was returned to him because the matter was deemed "not grievous[.]" (*Id.*) He did receive an answer to the appeal of the misconduct report on August 17, 2011, which found that, based on a discussion with the appeal officer and a review of the material related to the misconduct report, the policies were followed and the sanctions were within NMCD guidelines. (Doc. 6 Ex. I.)

Flores challenged the misconduct report and sanctions in the state district court. (Doc. 6 Ex. B.) In that petition, Flores provided a lengthy description of his version of the facts underlying the misconduct report. The court summarily dismissed the petition, finding no authority for the proposition that disciplinary segregation violates the Eighth Amendment, that

Flores did not show deliberate indifference by prison officials, and that his liberty interests were not implicated. (Doc. 6 Ex. C at 1-2.) The New Mexico Supreme Court summarily denied his petition for writ of certiorari.[1] (Doc. 11 Exs. A & B.)

In Flores' petition to this Court, Flores' statement of the facts is scanty. He merely asserts that he did not commit an offense warranting segregation, claiming that he is disabled and using crutches, and, as a result, he refused to sleep on a top bunk and threatened to report Snider for violating his civil rights. (Doc. 1 at 1-2.) He also asserts that his good time was deducted and he was placed in segregation for "appealing to protected custody, to evoid [sic] been [sic] injured by inmates . . . ." (*Id.* at 3.) He expounds on this claim in an attached affidavit and in his response to Respondent's first answer, essentially contending that NMCD places inmates in segregation for extended periods in order to deprive them of the ability to earn good time, thereby lengthening the inmates' sentences to NMCD's pecuniary gain. (*Id.* at 6-8; Doc. 9 at 1.) He also contends that the prison's ability to stop the accrual of good time credits while an inmate is placed in segregation usurps the court's sentencing power. (*Id.* at 8-9.) He finally claims that he was denied access to the courts. (*Id.* at 4.) For relief, Flores requests that the Court restore all good time credit that was deducted when he was placed in segregation over the past ten years and some additional relief fashioned by the Court for the pain and suffering incurred at Los Lunas when he was denied access to the courts and illegally segregated. (Doc. 1 at 5.)

This Court considered Flores' complaint, dismissing some claims and construing the remainder as a petition challenging the execution of his sentence under 28 U.S.C. § 2241. (Doc. 4 at 1-2.) The Court advised Flores that all claims aside from the claim for the restoration of

---

[1] In Respondent's original answer, he asserted the defense of exhaustion because he was not able to locate Flores' petition for writ of certiorari with the New Mexico Supreme Court. (*See* Doc. 6.) Pursuant to this Court's directive (Doc. 7), Flores submitted a copy of the New Mexico Supreme Court's order summarily denying his petition for writ of certiorari (Doc. 9). Flores had used a different name in filing his petition with the New Mexico Supreme Court, and Respondent has submitted a supplemental answer conceding the exhaustion issue. (Doc. 11 at 4.)

good time credits must be brought in a civil rights action. (*Id.* at 1.) Thus, his claims of illegal segregation, transfer, and denial of access to the courts were dismissed without prejudice. (*Id.* at 2.)

Flores has since submitted an additional affidavit requesting that the Court also consider claims that his projected release date was changed from September 2 to October 25, 2012 based on falsified documents and that his parole plan for release to North Carolina was denied. (Doc. 8 at 1-2.) In response, the Respondent explained that an NMCD policy requires an audit of each inmate's Good Time Figuring Sheet prior to the inmate's projected release date. (Doc. 16 at 3; Doc. 16 Ex. A.) The audit is intended to ensure that all indicated credits were correct and to remedy any discrepancy. (Doc. 16 at 3.) In Flores' case, the audit revealed several discrepancies, which led the auditor to both award days to and deduct days from Flores' good time, altering his projected release date from September 2, 2012 to October 25, 2012. (*Id.*; Doc. 16 Ex. B.) The Respondent further advised that Flores' parole plan to North Carolina had been rejected because the parole officer found that the home was too small for three adults and that the family would be unable to financially provide for a third adult. (Doc. 16 at 7; Doc. 16 Ex. H.)

In his response to the supplemental claims, the Respondent did not address the issue of exhaustion. (*See* Doc. 16.) Upon my review, I determined that exhaustion was a potential issue, and I ordered Flores and the Respondent to submit supplemental briefing. (Doc. 17.) Flores submitted a brief addressing only the merits of his two additional claims. (Doc. 18 at 1-2.) The Respondent filed a notice advising that he would not submit a supplemental brief, thereby declining to address the issue raised by the Court. (Doc. 19.) Consequently, no reply by Flores is warranted.

## STANDARD OF REVIEW

When a prisoner wishes to challenge the execution of his sentence, rather than his conviction or the imposition of a sentence, 28 U.S.C. § 2241 provides the Court with jurisdiction. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citations omitted) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence."). In the Tenth Circuit, the federal courts review § 2241 petitions *de novo*. *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007); *see also Bogue v. Vaughn*, 439 F. App'x 700, 703 (10th Cir. 2011) (unpublished); *Rascon v. Lopez*, No. CV 12-0036 JAP/WPL, Doc. 11, 5-8 (D.N.M. Apr. 24, 2012).

In addition, Flores is a *pro se* litigant. Accordingly, I construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a *pro se* litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[.]" *Garrett v. Selby, Connor, Maddox & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

## ANALYSIS

The claims currently before this Court are Flores' contentions that he did not commit an offense in July of 2011, as charged by Snider, that he has been unable to earn good time every

5

time he has been placed in segregation over the past ten years, that his good time was fraudulently reduced, and that his parole plan was improperly denied. Before reaching the merits of these claims, though, I must address the issue of exhaustion.

I.     *Exhaustion*

A § 2241 petitioner, just like a § 2254 petitioner, is required to exhaust all available state remedies. *Magar v. Parker*, 490 F.3d 816, 818-19 (10th Cir. 2007); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). To satisfy this requirement, the applicant must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For a § 2241 petition, this means both adequately presenting the factual bases of the claim and presenting it through a full round of state habeas review.[2] *See id.* at 842-45; *Castille v. Peoples*, 489 U.S. 346, 350-51 (1989); 2 RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 23.3b, at 1205-14 (6th ed. 2011).

It is undisputed that the issues raised by Flores in his initial petition have been exhausted. (Doc. 9 at 3; Doc. 11 at 4.) However, the two claims added by Flores following the submission of his original petition, fraudulent alteration of good time credits and unjustified denial of a parole plan (Doc. 8), are apparently unexhausted. I provided the parties with an opportunity to address this issue. (Doc. 17.) Flores did submit a pleading in response to my order, but he failed to address exhaustion; instead, he asserted that the sole question remaining is whether he will get his good time in order to be released on September 2. (*Id.* at 3.) Unfortunately, that is not the

---

[2] A full round of state habeas review includes all procedures that are an "established part" of the state's process. *O'Sullivan*, 526 U.S. at 845.  In New Mexico, it is clearly established that an appeal to the New Mexico Supreme Court is available from the denial of a writ of habeas corpus.  NMRA 5-802 (2009); *see also Smith*, 50 F.3d at 820, 821.  Thus, an appeal from the denial of a writ is an established part of the state habeas corpus proceeding and so must be taken to complete the full round of habeas review.

question. The real issue is whether or not Flores' claims related to the audit of his good time credit and the rejection of his parole plan were exhausted through NMCD and the state courts.

Because nothing has been presented before me to demonstrate that these claims were exhausted, I conclude that they are unexhausted. Furthermore, for the reasons described in my order for supplemental briefing (Doc. 17), I find that Flores' claim regarding his good time credits presents factual issues preventing dismissal on the merits. Consequently, Flores' petition is a mixed petition, containing both exhausted and unexhausted claims, that cannot be denied in whole on the merits.

The question now becomes whether the rule of *Rose v. Lundy*, 455 U.S. 509 (1982), which generally requires courts to dismiss mixed petitions without prejudice, prevents me from addressing the merits of Flores' exhausted claim. The Tenth Circuit has previously declined to reach the question of whether *Rose* applies to petitions brought pursuant to § 2241. *Hall v. Pratt*, 97 F. App'x 246, 247 n.3 (10th Cir. 2004) (unpublished). I need not decide this unaddressed issue, though, because even assuming that the rule of *Rose* does apply, it "is not absolute." *Harris v. Champion*, 48 F.3d 1127, 1131 n.3 (10th Cir. 1995).

One exception to the rule allows the court to reach the merits when the Respondent fails to raise the exhaustion issue and the court determines that "the interests of comity and federalism will be better served by addressing the merits forthwith . . . ." *Granberry v. Greer,* 481 U.S. 129, 134 (1987). The Tenth Circuit has previously applied this exception to reach the merits of an exhausted claim contained in a mixed § 2241 petition after determining that the unexhausted claims should be dismissed without prejudice. *Verner v. Reno*, 166 F.3d 350, 1998 WL 792059, at *2 (10th Cir. 1998) (table). Significantly in *Verner*, as here, the respondent did not raise the rule requiring the dismissal of mixed petitions or argue that the court should not address the

merits of the claim. *Id.* Accordingly, because the Respondent failed to raise the rule regarding mixed petitions and because the interests of justice will best be served by addressing the merits of Flores' exhausted claim, I recommend dismissing Flores' unexhausted claims without prejudice and proceeding to resolve his exhausted claims on the merits.

Though I need not decide whether *Rose* applies to § 2241 petitions, some additional discussion is warranted to justify this approach. In the context of a § 2254 petition, a similar course of action has been rejected by the Tenth Circuit.[3] *See Moore v. Schoeman*, 288 F.3d 1231 (10th Cir. 2002). In *Moore*, the § 2254 petitioner filed a petition containing two unexhausted claims, and the state raised the exhaustion issue and requested that the petition be dismissed without prejudice. *Id.* at 1233. The district court dismissed one of the two claims with prejudice and the other without prejudice. *Id.* The Tenth Circuit concluded that, if a court reaches the merits of an unexhausted claim, it must deny the entire petition with prejudice. *Id.* at 1235. This conclusion was based on the language of §2254(b)(2) and the court's concern that any petition filed after the unexhausted claim was exhausted would be barred by the prohibition against second or successive petitions. *Id.* at 1236.

*Moore* is distinguishable on several bases. Most important, *Moore* dealt with a § 2254 petition. The language of § 2254 includes a requirement that all claims be exhausted prior to presenting them in federal court; the text of § 2241 does not. Though § 2241 petitioners are required to exhaust available administrative and state remedies, the Tenth Circuit has recognized a number of differences between habeas petitions brought pursuant to § 2241 and § 2254. *See Walck*, 472 F.3d at 1235 (holding that § 2241 petitions are reviewed *de novo*, in contrast to the deferential review that applies to § 2554 petitions); *McIntosh*, 115 F.3d at 811 (citations omitted) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254

---

[3] The district court in that case did not find that an exception to *Rose* applied.

habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence."). Though there is an exhaustion requirement for § 2241 petitioners, it does not follow that all judicially crafted requirements related to the § 2254 exhaustion requirement automatically apply to § 2241 petitions. Instead, the determination should be motivated by concerns of federalism, comity, and the petitioner's access to remedies.

In this particular case, the interests of comity and federalism are best served by the hybrid approach that I recommend. The exhaustion requirement protects the state courts' role in the enforcement of federal law by giving them the first opportunity to review all claims of constitutional error. *Rose*, 455 U.S. at 518-19. In *Moore*, neither of the claims had been exhausted, so the state courts had not been given an opportunity to resolve the alleged error. Here, the only claims on which I propose to reach the merits have been exhausted before the state courts. I recommend that the unexhausted claims be dismissed without prejudice to allow the state courts to pass on the issues and develop a factual record. Because the state court will have an opportunity to resolve each of Flores' claims of error, the interests of comity and federalism are served by this approach.

Taking this course also does not unreasonably impair Flores' right to relief on the unexhausted claims, another distinction from *Moore*. This is because the bar against second or successive petitions that applies to § 2254 petitions, contained in 28 U.S.C. § 2244(b), does not apply to § 2241 petitions. *Sherratt v. Utah Bd. of Pardons & Parole*, No. 11–4174, 2012 WL 2045768, at *1 (10th Cir. June 7, 2012) (unpublished); *Stanko v. Davis*, 617 F.3d 1262, 1269 n.5 (10th Cir. 2010); *Queen v. Miner*, 530 F.3d 253, 254 (3d Cir. 2008) (per curiam).[4] Consequently, Flores will be able to raise the claims related to the audit of his good time credits and the denial

---

[4] This does not prohibit courts from declining to hear claims brought in § 2241 petitions that have already been adjudicated before a court. *See Queen*, 530 F.3d at 254.

of his parole claim with the federal courts if they are not resolved through NMCD and/or the state courts.

Accordingly, I conclude that *Moore* is inapposite and that an exception to *Rose* applies, allowing me to reach the merits of Flores' exhausted claims.

II.     *Denial of Credits while in Segregation*

Reaching the merits of Flores' exhausted claims, I first address his claim regarding the inability to earn good time while in segregation. The sole specific instance mentioned was Flores' segregation following the July 2011 misconduct report. No other facts were alleged supporting this claim. To state a claim for relief, a habeas petitioner is required to state the facts with specificity. 28 U.S.C. § 2254, Rule 2(c)(2); *Mayle v. Felix*, 545 U.S. 644, 649, 656 (2005) (citations omitted). Flores did not do that. That alone is a basis to deny relief on this claim.

Nevertheless, this claim may be denied for another reason. Prisoners only have a constitutionally-protected liberty interest in good time credits that they have already earned or that are mandatory; they are not entitled to unearned good time credits that are discretionarily awarded. *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) (citations omitted). In New Mexico, the provision of good time credits is not obligatory. N.M. STAT. ANN. § 33-2-34(A) (West 2012); *Brown v. Ulibarri*, 298 F. App'x 746, 750 (10th Cir. 2008) (unpublished) (citations omitted). Indeed, a New Mexico prisoner who is in disciplinary segregation is not eligible to earn good time credits at all. N.M. STAT. ANN. § 33-2-34(F)(2) (West 2012). Flores has no liberty interest in credits that were not obligatory, were never earned, and for which he likely was ineligible. Accordingly, he has failed to state a claim for relief, and I recommend that this claim be dismissed with prejudice.

### III. *July 2011 Disciplinary Charge*

As to Flores' claim regarding the July 2011 disciplinary charge and consequent sanctions, I find that Flores was entitled to some procedural protections. The Fourteenth Amendment requires the State to provide citizens with due process of law when it will deprive them of a liberty interest. "Although their due process rights are defined more narrowly, that guarantee applies to prisoners as well." *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005). Thus, before a prisoner is subjected to disciplinary actions that impose an "atypical and significant hardship" or inevitably alter the duration of confinement, he is entitled to due process. *Sandin v. Connor*, 515 U.S. 472, 484, 487 (1995). That does not mean that prisoners are entitled to "the full panoply of rights due a defendant" in a criminal prosecution. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The process due to prisoners before prison administrators take actions affecting protected liberty interests include: (1) advance, written notice of the charges; (2) a limited opportunity to call witnesses and present documentary evidence in defense; and (3) a written statement by the finder of fact explaining the evidence relied on and the reasons for the disciplinary action. *Superintendent, Mass. Corr. Inst. at Walpole v. Hill*, 472 U.S. 445, 454 (1985). The decision of the hearing officer must be supported by some evidence. *Id.*

Flores does not assert that he was not afforded notice, an opportunity to be present at the hearing, or a written statement by the finder of fact. The crux of his claim is that Snider falsified the facts on the misconduct report. However, as stated above, the decision of a hearing officer need only be supported by some evidence. The hearing officer here relied on Snider's report and the subsequent investigation to make her findings. Though Flores did tell the investigating officer that the report was all lies, he did not appear at the hearing or present any witnesses in his defense. The hearing officer was left to choose between the two stories, and she clearly placed

11

more credence in Snider's version of the facts. I find that her decision was supported by some evidence and therefore satisfies the requirements of due process. Thus, I recommend that relief on this claim be denied.

### RECOMMENDATION

I have found that Flores presented a mixed § 2241 petition, containing both exhausted and unexhausted claims. I recommend that Flores' unexhausted claims, that his good time credits were fraudulently altered and that his parole plan was improperly rejected, be dismissed without prejudice. Because an exception to the total exhaustion rule applies, I reached the merits of Flores' exhausted claims and found that he is not entitled to unearned good time credits and that due process was satisfied regarding the July 6, 2011 misconduct charge. Accordingly, I recommend that Flores' exhausted claims be dismissed with prejudice. In conclusion, I recommend that Flores' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be denied and that a certificate of appealability not be issued. *See* 28 U.S.C. § 2253(c).

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.